SOVEREIGN CAMP WOODMEN OF THE WORLD v. W. A. AYRES, as Next Friend.

No. 3031.   Decided April 25, 1924.

(261 S. W., 1000.)

1.—Supreme Court—Jurisdiction—Question of Fact.

Where the evidence is sufficient to present a question of fact determined in the trial court, the Supreme Court has no jurisdiction to pass on a certified question as to its sufficiency, in view of the manifest weight and preponderance of the evidence, to justify the finding, that being solely for the Court of Civil Appeals.   (P. 568).

2.—Fraternal Benefit Society—Laws of the Order.

Where the constitution and laws of a fraternal benefit society provided, as conditions precedent to liability on a membership certificate, that it should be signed by the Consul Commander of the Camp and manually delivered to the beneficiary, who should himself sign the certificate and an acceptance slip attached thereto, none of which things were done, there was no liability for the death of the beneficiary, though all these would have been done but for the refusal of the clerk of the camp to deliver the certificate because he judged the beneficiary not to be in good health at the time, a condition forbidding its delivery, and it was found that he was in fact in good health. (Pp. 565-570).

3.—Same.

The liability of a fraternal benefit society must be determined by its constitution and laws governing such liability and accepted by the beneficiary, as the same are written.   It is not in the province of courts to change them. (P. 570).

4.—Case Distinguished.

Pledger v. Sovereign Camp W. of W., 17 Texas Civ. App., 18, distinguished from this case.   (P. 569).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Montague County.

The members of the Supreme Court having certified their disqualification to sit in this case, Mr. I. W. Stephens was appointed and qualified as Special Chief Justice, and Messrs H. C. Geddie and S. W. Blount, as Associate Justices, herein.

*A. H. Burnett* and *Lewis Rogers,* for appellant.

There can be no recovery had under a certificate of life insurance

issued by a benefit society to one of its members, unless the conditions precedent to the taking effect of the certificate have been complied with. And where the condition precedent is that the certificate shall be manually delivered into the hands of the member there is no liability unless the certificate was delivered as provided by the laws of the society and the terms of the application and the certificate. Art. 4834 Rev. Stats; Art. 4847 Rev. Stats; McWilliams v. Modern Woodmen of America, 142 S. W., 641; Modern Woodmen of America v. Owens, 130 S. W., 858; McLendon v. W. O. W., 64 S. W., 36; Kirk v. W. O. W., 155 S. W., 39; Crohn v. Ins. Co., 156 S. W., 472; Supreme Lodge, Etc., v. Grace, 60 Texas, 569; Summers v. Hills, 21 Texas, 78; 89 S. W., 26; 45 Texas, 454; 75 Pac., 937; 31 S. W., 703; 89 S. W., 436; 65 L. R. A., 816.

The members of a benefit society are bound by the laws of the society and are charged with notice of the terms and conditions of the application, the certificate and the laws of the society. Bucks v. Jouitt, 3 Litt. (Ky.) 229; Wells v. Smith, 2 Edw. (N. Y.) 78; New York, Etc., Ry. Co. v. Providence, 16 R. I., 746; 16 Cyc., 78; Good v. Jarrard, 76 S. E., 698; Baltimore City Bank v. Smith, 3 Gill (Md.), 265; Robinson v. Cropsey, 2 Edw. (N. Y.), 138; Matkin v. Supreme Lodge, 82 Texas, 301; M. W. A. v. Headle, 90 Atl. (Vt.) 893.

*J. W. Chancellor*, for appellee.

Appellee contends that the insured was well when said policy was received by the clerk A. J. Dudley, and when it should have been delivered to the insured and properly signed by the assured and the officers of the camp, and that these things would have been done had not the insured been sick under the opinion of said clerk. · W. O. W. v. Locklin, 67 S. W., 331; See "Good Health" Words and Phrases, ·2nd Edition, Vol. 4, Page 3122.

MR. CHIEF JUSTICE STEPHENS delivered the opinion of the Court.

The Court of Civil Appeals has certified to this Court for determination a question of the sufficiency of the evidence to sustain the trial court's finding as to the state of H. W. Ayres' health on the 8th and 9th days of October, 1915.

Before stating the precise question certified, we quote from the certificate of the Court of Civil Appeals, the following:

## STATEMENT:

"The suit was instituted in the District Court of Montague County by W. A. Ayres, as next friend for Bertie, Emma May, S. Ray, Grady, Iva Belle and Cecil Ayres, minor children of H. W. Ayres and wife, Dora M. Ayres, both deceased. The suit is based upon a policy or certificate of insurance issued by the appellant, a fraternal

beneficiary association organized under the laws of Nebraska and do-ing business by and through a local lodge system under a permit to do business in this State. The beneficiary certificate was issued on the 6th day of October, A. D. 1915, and ·duly signed by W. A. Frazier, the Sovereign Commander, and J. T. Yates, the Sovereign Clerk, attested by the corporate seal of the order named. It was thereby provided, among other things, that in the event of the death of 'Sovereign H. W. Ayres, a member of Salona Camp No. 1324, located at Salona, State of Texas,' during the first year of his mem-bership, the minors above named would be entitled to participate in the beneficiary fund of the order to the amount of five hundred dol-lars, payable at the time of the death of said H. W. Ayres, together with a further sum of one hundred dollars for the erection of a monument to the memory of the said H. W. Ayres.

The certificate further recites, so far as necessary to notice, that:

'This certificate is issued and accepted subject to all the conditions on the back hereof, the articles of incorporation, the constitution and laws of the Sovereign Camp of the Woodmen of the World . . . the application for membership and the medical examination of the member herein named, as approved by the Sovereign Physician of this Society, and this certificate shall constitute an agreement between the society and the member.'

Among the conditions referred to and made part of the certificate we quote the following:

'If the entrance fees, dues and Sovereign Camp fund assessments are not paid by the person named in the certificate to the Clerk of the Camp, as required by the constitution and laws of this society, which are now in force, or which may hereafter be adopted, this certificate shall be null and void. There shall be no liability of the Sovereign Camp of the Woodmen of the World under this certificate until the member named herein shall have paid all entrance fees, one ad-vance assessment or installment of assessment of Sovereign Camp fund, and Camp fund dues for the month, signed his beneficiary certificate and the acceptance slip attached thereto, paid the physi-cian's fee for examination, been obligated and introduced by the Camp Clerk or authorized deputy, in due form, and had manually delivered into his hands in person this beneficiary certificate while in good health. The foregoing provisions are hereby made a part of the consideration for, and are conditions precedent to, the payment of benefits under this certificate.'

H. W. Ayres' application for this certificate was made and duly accepted by the Local Camp at Salona on September 10, 1915; medi-cal examination was had on September 11, 1915; the application and report of the medical examiner was received at the Home Office of the appellant Order in Omaha, Nebraska, on September 15, 1915,

and was referred to the Sovereign Physician's Office, who found H. W. Ayres overweight, and forwarded to H. W. Ayres an agreement, called a sub-standard rating, for the payment of an additional sum upon assessments. This sub-standard agreement was signed by H. W. Ayres on September 24, 1915, and returned to the office of the Sovereign Physician, and by him approved on October 6, 1915, whereupon the certificate sued on herein was issued by the Sovereign Clerk on the same day and duly mailed to the Clerk of the Local Camp at Salona for delivery, where it was received on the 8th day of October, 1915.

At the time the sub-standard agreement was signed by the applicant, H. W. Ayres, he was introduced by the Local Camp in the manner and form prescribed for the introduction and duly obligated as a member of the Order. At the same time H. W. Ayres left with the Local Camp the sums of money necessary to cover all advance payments required under the by-laws of the Order.

Appellant defended the suit upon the ground that H. W. Ayres had not complied with the conditions precedent as contained in the contract sued upon.

The case was tried by the Court without a jury, and the Court rendered judgment in favor of the plaintiff for the sum of five hundred dollars on the certificate, and the further sum of one hundred dollars for the monument, providing that the defendant should have the right to discharge this part of the judgment by erecting a monument in accordance with its laws and the terms of the contract referring thereto.

It is undisputed in the evidence that Mr. A. J. Dudley, the Clerk of the Salona Camp to whom the certificate was sent, never in fact delivered the certificate to H. W. Ayres, nor was the certificate signed by the Consul Commander of the Camp, nor did H. W. Ayres ever sign the certificate or the acceptance slip thereto. The evidence, however, without doubt, authorizes the conclusion that all these things would have been done except for the fact that Mr. Dudley, upon receipt of the certificate, and upon visiting H. W. Ayres for the purpose of delivering the certificate, then concluded that Mr. Ayres was not in good health and that, hence, by the terms of the certificate he was not authorized to deliver it, etc.''

Following this statement in the certificate is the

## QUESTION CERTIFIED:

''And the question of law presented to us and certified to your Honors for determination, is, whether the evidence submitted upon the trial was sufficient to sustain the Court's finding to the effect that H. W. Ayres was in fact in good health within the meaning of the contract of insurance on the 8th and 9th days of October, when

the Clerk could, and hence, should have delivered the certificate.''

This is followed by an extended quotation from the testimony of the witnesses covering ten pages of the certificate.

The certificate concludes with the following re-statement of the

## QUESTION CERTIFIED:

''The foregoing testimony is all that seems relevant and we, accordingly, as stated, deem it advisable to certify to Your Honors for determination the question of whether, under the facts stated and evidence quoted, the judgment of the trial court to the effect that H. W. Ayres was in good health, within the meaning of his beneficiary certificate, at the time it could have been delivered to him by A. J. Dudley, the Camp Clerk, and if so, whether, under the circumstances and the evidence stated, the judgment of the trial court should be affirmed.''

## OPINION

The testimony set out in the certificate on which the district judge is presumed to have made a finding that H. W. Ayres was in good health at the dates mentioned, in our opinion, raised a question of fact within the jurisdiction of the district court and the evidence was such as to make his finding conclusive in the Appellate Court unless in its opinion his finding was so contrary to the manifest weight and great preponderance of the evidence as to warrant the Court of Civil Appeals in declaring it to be wrong. To say the least, this evidence raised a mixed question of law and fact. It involved the construction of the insurance contract to the extent of determining the meaning of the terms good health as used in said contract and it involved the sufficiency of the evidence to warrant the finding that Ayres was in good health within the meaning of said terms.

If the certificate had presented to this court the construction of the contract it would have presented a question within the jurisdiction of this court and the case of Woodmen O. W. v. Locklan, 28 Texas Civ. App., 486, 67 S. W., 331 would probably have been decisive of the question, but this court is without jurisdiction to answer the question as certified, since its jurisdiction is limited to questions of law only.

But in restating the question certified, the Court of Civil Appeals seem to have extended the scope of the certificate and to have propounded the inquiry whether, assuming that H. W. Ayres was in good health within the meaning of the beneficiary certificate at the time it could have been delivered to him by the Camp Clerk, ''under the circumstances and evidence stated, the judgment of the district court should be affirmed.''

The certificate as thus enlarged is perhaps subject to the objection that it certifies the whole case to the Supreme Court for decision; but we have concluded that, as the decision of the case is made to turn upon a single question, though formulated in very general terms, we should answer it.

In our first consultation we were inclined to the opinion that the judgment of the District Court should be affirmed, on the authority of Pledger v. Sovereign Camp Woodmen of the World, 17 Texas Civ. App., 18, 42 S. W., 653; but we have finally concluded that the case we have to decide is distinguishable from that case, which was one in which the certificate had been signed by the Consul Commander of the Local Camp, and had been issued in full compliance with the constitution and laws of the order, and was ready for delivery to Pledger upon payment of the advance assessment and dues of the Local Camp, and the Clerk of the Local Camp had notified him that the certificate was ready for delivery, and thereafter upon tender of the advance assessment and dues the certificate was demanded, but the Clerk of the Local Camp *refused* to make the delivery, on account of the alleged changed condition of the health of Pledger. The construction placed by the Court of Civil Appeals in that case on the constitution and by-laws of the order was to the effect that the actual delivery of the certificate was not made a condition precedent, although the language there quoted from Section 69 states that the six requirements there enumerated including the delivery of the certificate "are conditions precedent to the payment of benefits in case of death."

Since that decision was rendered, it seems that the language of the constitution and by-laws of the order has been changed, and also the statute of Texas in reference to fraternal insurance. See Gammel's Laws of Texas, Vol. 16, pp. 220 to 237, Chap. 113, §§ 8 and 20; Vernon's Sayles' Statutes, Arts. 4834 and 4847.

By Section 20 of said Act, Art. 4847 of Vernon's Sayles' Statutes, fraternal benefit societies were authorized, by the adoption of constitution and laws, to provide that no subordinate body, nor any of its subordinate officers or members, should have the power or authority to waive any of the provisions of the laws and constitution of the society, "and the same shall be binding on the society and each and every member thereof, and on all beneficiaries of members."

It appears from the facts set forth in the certificate of the Court of Civil Appeals that it was one of the requirements of the constitution and laws of the order that the beneficiary certificate should be signed by the Consul Commander of the Camp, and that this had never been done; that it should be "manually delivered" into the hands of the member entitled to receive it,—which was never done; that he should himself sign the certificate, and also the acceptance

slip attached thereto,—which was never done; and that these requirements were expressly made conditions precedent to the payment of benefits under the certificate.

There is nothing in said statement to show that Ayres had even any knowledge that the certificate had been issued,—much less that he had made any demand on the Clerk of the Local Camp for its delivery to him, and offered to sign the certificate and slip. He was a member of the society, and must be held to have known that these requirements had never been complied with. It was not enough for him to show that they would have been complied with if the Clerk of the Local Camp had not concluded that he was no longer eligible, by reason of the changed condition of his health. It was incumbent upon those seeking to avail themselves of the benefits under the certificate to go further, and at least show that the certificate had been made out and was ready for delivery, and that the member who had applied for it had done all that he was required to do in order to obtain it. Thus the laws of the society of which Ayres became a member are written, and it is not the province of the courts to change them.

We therefore answer that, in our opinion, on the facts stated in the certificate of the Court of Civil Appeals, the judgment of the District Court was erroneous,—even though it be assumed that Ayres was in good health when the certificate was received by the Clerk of the Local Camp, and for a sufficient length of time thereafter for it to have been delivered to him.